# United States District Court
# Central District of California

| | |
|---|---|
| JASMIN LARIAN, LLC, doing business as CULT GAIA,<br><br>           Plaintiff,<br><br>    v.<br><br>JOSEPH D'AREZZO, INC.; and DOES 1 through 10, inclusive,<br><br>           Defendant. | Case No. 2:18-cv-10438-ODW (ASx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE [13]** |

## I.    INTRODUCTION

Presently before the Court is Defendant Joseph D'Arezzo, Inc.'s Motion to Dismiss, Stay, or Transfer Venue to the Southern District of New York ("Motion"). (ECF No. 13.) For the following reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of New York (ECF No. 13).[1] Accordingly, Defendant's request to dismiss and/or stay this action is **DENIED as MOOT**.

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2018, Plaintiff Jasmin Larian, LLC, doing business as Cult Gaia ("Plaintiff") filed its Complaint against Defendant Joseph D'Arezzo, Inc. alleging four causes of action: (1) trade dress infringement pursuant to 15 U.S.C. § 1125; (2) common law trade dress infringement; (3) violation of California Business and Professions Code section 17200, *et. seq*; and (4) unjust enrichment. (*See generally* Compl., ECF No. 1.) Plaintiff's claims are based on the allegation that Defendant manufactured, promoted, and sold a bag called the "BShipper," which is a "near exact cop[y] of [Plaintiff's] signature Ark bag." (Compl. ¶¶ 1, 36.)

Prior to this action, in February 2018, Steve Madden, Ltd. ("Steve Madden"), filed a lawsuit against Plaintiff relating to the same handbag, the BShipper. *See Steve Madden, Ltd. v. Jasmin Larian, LLC* (the "New York Action"), No. 18-cv-2043-RWS (S.D.N.Y. filed Mar. 6, 2018.) Defendant supplies the BShipper bag to Steve Madden. (Mot. 4; Opp'n to Mot. ("Opp'n") 2, ECF No. 21.) Steve Madden is seeking declaratory judgment that Plaintiff's Ark bag is not entitled to Lanham Act protections and that the BShipper bag does not constitute trade dress infringement. (Mot. 2–3.) In response, Plaintiff filed counterclaims against Steve Madden that the BShipper bag violated 15 U.S.C. § 1125 and various other New York state law claims. (Mot. 3.)

On February 6, 2019, Defendant moved to dismiss, stay, or transfer this action based on the first-to-file rule and 28 U.S.C. § 1404(a). (*See generally* Mot.)

## III. LEGAL STANDARD

"For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Cases are also transferred based on the "first-to-file" rule. The first-to-file rule is a doctrine of federal comity; a district court may decline to exercise jurisdiction over an action when a complaint involving the same parties and issues has been filed

in another district. *Pacesetter Sys., Inc. v. Medtronic Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The first-to-file rule seeks to conserve limited judicial resources and avoid duplicate or inconsistent judgments on similar issues. *Id.* at 95.

In considering whether to apply this doctrine, a court must consider: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). If a later-filed action meets the first-to-file requirements, the second court may transfer, stay, or dismiss the case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

### IV. DISCUSSION

The Court finds that all three factors weigh in favor of transferring this action to the Southern District of New York.

#### A. Chronology of the Action

The first—and most fundamental—requirement is that the action in the transferee district court must have been filed prior to the action in the transferor district court. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293–94 (N.D. Cal. 2013). There is no dispute regarding the chronology. The New York Action was filed on March 6, 2018, and the action before this Court was filed on December 17, 2018. It is abundantly clear that the New York Action was filed first.

Thus, this factor weighs in favor of transfer.

#### B. Similarity of Parties

The second factor concerns the similarity of parties. *Alltrade, Inc.*, 946 F.2d at 625. The first-to-file rule only requires there be substantial similarity, the parties need not be identical. *Kohn Law Grp.*, 787 F.3d at 1240.

Here, the parties are substantially similar. Plaintiff argues that the parties are not identical. This is true, but not the rule. The rule only requires that the parties be substantially similar. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("The rule is satisfied if some [of] the parties in

one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters."). Plaintiff is a party in both lawsuits, and Defendant is the supplier of the BShipper bag to Steve Madden, the other party in the New York Action. Plaintiff further argues that it may add other parties to the lawsuit and that Plaintiff may not be able to obtain the information related to the other parties if the case is transferred. However, it is not proper for the Court to predict the future or speculate as to what the court in the New York Action will do; nor is the speculative *possibility* of adding other parties relevant for the Court's analysis. Based on the record before the Court, there is substantial similarity between the parties: Defendant and Steve Madden appear to have an economic relationship involving the BShipper bag, and Plaintiff is a party to both actions.

Thus, this factor also weighs in favor of transfer.

### C. Similarity of Issues

The final factor considers the similarity of issues. *Alltrade, Inc.*, 946 F.2d at 625. This factor does not require total uniformity of claims but rather focuses on the underlying factual allegations. *Red v. Unilever United States, Inc.*, No. 09-07855 MMM (AGRX), 2010 WL 11515197, at *5–6 (C.D. Cal. Jan. 25, 2010); *see also Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) ("The cases need not be identical to be duplicative.").

While both actions raise some unique state law claims, the factual allegations giving rise to those claims and the central theories of liability are the same. Notably, Plaintiff does not offer relevant argument in opposition, maintaining that the claims in this case are different than the New York Action and that Plaintiff may bring additional claims against Defendant. However, the facts underlying all claims are the same, and claims for trade dress infringement are at the heart of both cases. The ultimate issues are whether Plaintiff owns a protectable trade dress right in the Ark bag and whether the BShipper bag constitutes trade dress infringement. These issues are central to the New York Action. Accordingly, this Court finds that the issues

involved in both actions are substantially similar.

Thus, this factor also weighs in favor of transfer.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Transfer Venue. Defendant's request for dismissal and/or stay is **DENIED as MOOT**. The Clerk of the Court shall transfer this case to the United States District Court for the Southern District of New York, Case Number 18-cv-2043-RWS, located at 500 Pearl Street, New York, New York 10007-1312.

**IT IS SO ORDERED.**

July 2, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**